THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANNA V. GEBERT** )<br>270 Philadelphia Ave. )<br>Purgitsville, WV 26852 )<br> )<br> )<br>      Plaintiff, )<br>V. )<br> )<br> ) | <br><br><br><br><br><br><br><br>**COMPLAINT** |
| **DEPARTMENT OF STATE** )<br>2201 C St., NW )<br>Washington, DC 20520 )<br> )<br><u>As to each Defendant Serve:</u> )<br>   **United States Attorney for** )<br>   **the District of Columbia** )<br>   601 D Street NW )<br>   Washington, DC 20530 )<br> )<br>   **Attorney General of** )<br>   t**he United States** )<br>   U.S. Department of Justice )<br>   950 Pennsylvania Avenue )<br>   Washington, DC 20530 )<br> )<br>      <u>Defendants.</u>     ) | **Civil Action No:** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

For her Complaint, Anna Gebert ("Ms. Gebert" or "Plaintiff"), by the undersigned counsel, states as follows:

1. Plaintiff, Ms. Gebert, brings this action for declaratory, injunctive relief, and other appropriate relief and seeks the release of agency records improperly withheld from Plaintiff by Defendant, the Department of State pursuant to the Privacy Act of 1974, 5 U.S.C. §552a <u>et seq</u>. ("Privacy Act") and the Freedom of Information Act, 5 U.S.C. §552(a) <u>et seq</u>. ("FOIA").

## PARTIES

3. Plaintiff is an American citizen and a resident of West Virginia. Plaintiff is the subject of records maintained by the Department of State.

4. The Defendant, Department of State, headquartered at Washington, D.C., and their federal agencies fall under the definition of "federal government agency" within the meaning of (1) 28 U.S.C. §1346(b), 28 U.S.C. §2401(b), and 28 U.S.C. §2671, and (2) 5 U.S.C. §552(f)(1) and 5 U.S.C. §552a(a)(1). Defendant is headquartered at the Harry S. Truman Building, 2201 C Street NW, Washington, D.C., U.S. 20520. The Defendant maintains a system of records subject to the FOIA and Privacy Act and is in possession, custody, and control of records about Mr. Gebert.

## JURISDICTION AND VENUE

5. The Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendants pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(1), and 28 U.S.C. §1331. The Court has the authority to issue declaratory and injunctive relief under 28 U.S.C. § 1361, 5 U.S.C. §552(a)(4)(B), and 5 U.S.C. §552a(g)(2)(A). The venue is proper in this Court pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(5), and 28 U.S.C. §1391 (b) and (e). The Court has the authority to award attorneys' fees and litigation costs under 5 U.S.C. §552(a)(4)(E)(i), 5 U.S.C. §552a(g)(3)(B), and 28 U.S.C. § 2412.

## LEGAL FRAMEWORK

### Freedom of Information Act

6. The Freedom of Information Act (FOIA) provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, *shall* make the records promptly available to any person." 5 U.S.C. § 552(a)(3) (emphasis added).

Thus, FOIA creates a presumption that records held by the federal government must be produced to members of the public upon request.

7. The FOIA further provides that an agency, upon any request for records, shall "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of . . . such determination and the reasons therefor[.]" 5 U.S.C. §552(a)(6)(A)(i).

8. "Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. §552(a)(6)(C)(i).

9. Pursuant to the FOIA, the "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed. 5 U.S.C. §552(a)(4)(E)(i). A "complainant has substantially prevailed if the complainant has obtained relief through either—(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. §552(a)(4)(E)(ii).

## Privacy Act

10. The Privacy Act provides that "[e]ach agency that maintains a system of records shall . . . upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him… to review the record and have a copy made of all or any portion thereof in a form comprehensible to him[.]" 5 U.S.C. § 552a(d)(1). The Privacy Act accordingly creates a presumption that records held by the federal

government that pertain to a specific individual must be made available to that individual upon request.

11. When an agency "refuses to comply with an individual request under subsection (d)(1) . . . the individual may bring civil action against the agency." 5 U.S.C. § 552a(g)(1)(B). The court may then enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him." 5 U.S.C. § 552a(g)(3)(A).

12. Further, the "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed." 5 U.S.C. § 552a(g)(3)(B).

13. When an agency fails to comply with any provision of the Privacy Act, or any rule promulgated thereunder, not articulated within 5 U.S.C. § 552a(g)(1)(A)-(C), in such a way as to have an adverse effect on an individual, the individual may bring civil action against the agency. 5 U.S.C. § 552a(g)(1)(D). If the

> "court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of - (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and (B) the costs of the action together with reasonable attorney fees as determined by the court."

5 U.S.C. § 552a(g)(4).

## FACTS

### Improper Collection and Sharing of Information

14. Upon information and belief, Defendant maintains a system of records that includes information about Plaintiff as Plaintiff's husband has been employed by the Defendant, State Department, since May 19, 2013.

4

15. Upon information and belief, as part of a reinvestigation of Plaintiff's husband's security clearance, Defendant collected information about Plaintiff, utilizing an "Authorization to Conduct Criminal History Inquiry for Spouse or Cohabitant", signed and dated by Plaintiff on August 26, 2018. **Exhibit A**.

16. On August 16, 2019, Defendant notified Plaintiff's husband, via a memorandum, that his security clearance was suspended pending the outcome of an investigation. The August 16, 2019, memorandum noted that Defendant's Office of Personnel Security and Suitability became aware, on August 7, 2019, of the Hatewatch blog of the Southern Poverty Law Center (SPLC), which published an online article titled, "U.S. State Department Official Involved in White Nationalist Movement, Hatewatch Determines." Specifically, the August 16, 2019, memorandum noted that the article connected Plaintiff's husband "to various white nationalist activities[,]" and "reported similar involvement in white nationalist activity by your wife [Plaintiff]." Finally, the memorandum noted that Defendant had asked Plaintiff's husband "if there was any other information, including information regarding other members of [his] family that could suggest a conflict of interest or be a possible source of embarrassment to [Plaintiff's husband], the Department, or the United States." According to the memorandum, Plaintiff's husband responded in the negative. **Exhibit B**.

17. The memorandum noted that it "appear[ed] that [Plaintiff's husband] deliberately concealed and omitted information regarding [his] (and [his] spouse's) involvement with white nationalist organizations and activities." *Id*.

18. Because holding a valid Top Secret security clearance is a condition of employment for Plaintiff's husband, this suspension of his security clearance resulted in a suspension from his employment indefinitely without pay. **Exhibit C**.

19. As part of the investigation into the Plaintiff's husband, Defendant gathered information regarding Plaintiff's organizational affiliations, as well as her political and social beliefs, information protected by the First Amendment. *See* Exhibit B.

20. Pursuant to 5 U.S.C. § 552a(e)(3), an agency is required to have the signed Privacy Act Statement for all persons asked to provide personal information about themselves, which will go into a system of records (i.e., the information will be stored and retrieved using the individual's name or other personal identifier such as a Social Security number).

21. Plaintiff never signed a Privacy Act Statement, other release of information, or consent form authorizing the Defendant to collect First Amendment protected information about her.

22. The Privacy Act states that the Agency "shall . . . maintain no record describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained unless pertinent to and within the scope of an authorized law enforcement activity[.]" 5 U.S.C. § 552a(e)(7).

23. Plaintiff did not authorize the collection of information related to her First Amendment rights.

24. The Privacy Act specifically identifies conditions for disclosure of collected information, "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be[:]"

> ...(3) for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section; ...(7) to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if

the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought;

5 U.S.C. § 552a(b)(3); 5. U.S.C. § 552a(b)(7).

25. Since the Plaintiff did not sign a Privacy Act Statement specific to the sharing of her First Amendment activity, Defendant violated the routine use of the information collected by sharing it in a security clearance repository that can be accessed by other government agencies.

## FOIA/Privacy Act Request

26. On April 30, 2025, the National Security Law Firm submitted a FOIA and Privacy Act request, with expedited processing, to the Department of State on behalf of the Plaintiff, requesting a copy of;

- *All interagency and intra-agency correspondence that include Mrs. Gebert's name, or social security number; the search should include first and last name of Mrs. Gebert, or any other variation of her name used by the Agency.*
- *All interagency and intra-agency records that include Mrs. Gebert's name, or social security number; the search should include first and last name of Mrs. Gebert, or any other variation of her name used by the Agency.*
- *Any documents, records, articles, or reports, upon which the suspension, denial, or revocation of the security clearance was based that considers Mrs. Gebert;*
- *Any Privacy Act Statements, other release of information or consent forms, signed by Anna Vuckovic Gebert in the past 10 years;*
- *The SORN, any submissions to the Federal Registrar for the SORN, and any comments associated with the SORN that allows for the U.S. Department of State*

>  *to collect information, including information protected under the First Amendment, about Mrs. Gebert;*
>
> - *Any and all documents, recordings, notations, or information, in written, video, or audio format, in the past 10 years mentioning Mrs. Gebert's involvement in groups, activities, events, interactions, or works outside of Mr. Gebert's employment at the U.S. Department of State (i.e. First Amendment protected speech/activities).*

A copy of Mrs. Gebert's request and confirmation of the submission is enclosed herein as **Exhibit D**.

27. On May 5, 2025, Plaintiff's counsel received email confirmation from the Department of State regarding the FOIA/Privacy Act request submitted on April 30, 2025. The request was granted expedited processing, and the reference number was updated to FP-2025-00341 from F-2025-16524. **Exhibit E**.

28. As of the date of this filing, over 30 days (excluding Saturdays, Sundays, and legal public holidays) have passed since Defendant acknowledged the FOIA/Privacy Act request; however, Plaintiff has yet to receive the requested records.

29. Defendant's failure to make a determination on the request within twenty (20) days (excluding Saturdays, Sundays, and legal public holidays) violates 5 U.S.C. §552(a)(6)(A)(i).

30. Defendant's refusal to comply with the Plaintiff's request for records pertaining to herself violates 5 U.S.C. § 552a(d)(1).

31. Defendant's failure to act on Plaintiff's on the request for records deprives Plaintiff of a statutory right and entitles her to judicial review under 5 U.S.C. § 552a(g)(3) and  5

U.S.C. §552(a)(6)(C)(i) as Plaintiff has exhausted all administrative remedies available under the FOIA.

## COUNT I
**(Violation of the Freedom of Information Act-5 U.S.C. §552)**

32. Plaintiff realleges paragraphs 1 through 31 as if fully stated herein.

33. Plaintiff is an individual seeking records that are in the possession, custody, and control of Defendant.

34. Plaintiff submitted a FOIA and Privacy Act request on April 30, 2025.

35. On May 5, 2025, Defendant sent email confirmation of the records request and granted expedited processing.

36. Over 30 days (excluding Saturdays, Sundays, and legal public holidays) after the receipt of Plaintiff's request, Defendant has not produced these records to Plaintiff for her review.

37. Defendant is required to make a determination on Plaintiff's FOIA request within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request.  5 U.S.C. §552(a)(6)(A)(i).

38. Defendant has not made a determination within the 20 deadline and is, thus, unlawfully withholding records pursuant to 5 U.S.C. §552.

39. Plaintiff has exhausted all applicable administrative remedies.

40. WHEREFORE, Plaintiffs respectfully request that the Court: (1) declare that Defendants violated the Freedom of Information Act; (2) order Defendants to immediately disclose the requested records, and limit redactions only to personal identifiable information for Department of State staff and make copies available to Plaintiff; (3) award Plaintiff reasonable

costs and attorney's fees as provided in 5 U.S.C. §552(a)(4)(E); and (4) grant such other relief as the Court deems just and proper.

## COUNT II
### (Violation of the Privacy Act-5 U.S.C. §552a(d)(1))

41. Plaintiff realleges paragraphs 1 through 31 as if fully stated herein.

42. Plaintiff is an individual seeking records about herself.

43. Any record in the possession, custody, and control of Defendant is a record maintained in a system of records, as described 5 U.S.C. §552a(a)(4)-(5).

44. Plaintiff submitted a FOIA and Privacy Act request on April 30, 2025.

45. On May 5, 2025, Defendant sent email confirmation of the records request and granted expedited processing.

46. Over 30 days (excluding Saturdays, Sundays, and legal public holidays) after the receipt of Plaintiff's request, Defendant has not produced these records to Plaintiff for her review.

47. Defendant is required to permit an individual to review her records, upon request pursuant to 5 U.S.C. §552a(d)(1).

48. Upon information and belief, there are records responsive to Plaintiff's request that are being withheld in full, and the Defendant violated 5 U.S.C. § 552a when the agency failed to provide any records of the Plaintiff. Thus, Defendant is improperly withholding these records in violation of 5 U.S.C. §552a(d)(1).

49. Because the Defendant has refused to comply with 5 U.S.C. §552a(d)(1), Plaintiff has exhausted all statutorily available administrative remedies. Thus, Plaintiff is entitled to bring suit pursuant to 5 U.S.C. §552a(g)(1)(B).

50. Plaintiff has a legal right under the Privacy Act to obtain the information she seeks, and there is no legal basis for Defendant's denial of said right. Defendant's refusal to provide Plaintiff with the requested records amounts to a deprivation of Plaintiff's federal rights.

51. WHEREFORE, Plaintiff requests that this Court award her the following relief: (1) declare that Defendant violated the Privacy Act; (2) enjoin the Defendant from withholding records pursuant to 5 U.S.C. §552a(g)(3)(A); (3) order Defendant to immediately produce the records that have been improperly withheld from her pursuant to 5 U.S.C. §552a(g)(3)(A); (4) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552a(g)(3)(B); and (4) grant such other relief as the Court may deem just and proper.

## COUNT III
### Violation of the Privacy Act, 5 U.S.C. § 552a (Defendant's Failure to Obtain a Signed Privacy Act Statement)

52. Plaintiff realleges paragraphs 1 through 31 as if fully stated herein.

53. The Defendant did not collect nor ask the Plaintiff to sign a Privacy Act Statement before collecting information about her First Amendment protected activities.

54. The agency is required to have the signed Privacy Act Statement, pursuant to 5 U.S.C. § 552a(e)(3), to all persons asked to provide personal information about themselves, which will go into a system of records (i.e., the information will be stored and retrieved using the individual's name or other personal identifier such as a Social Security number). Specifically, the statute requires the agency to:

> (3) inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual—
>
> > (A) the authority (whether granted by statute, or by executive order of the President) which authorizes the solicitation of the information and whether disclosure of such information is mandatory or voluntary;

        (B) the principal purpose or purposes for which the information is intended to be used;

        (C) the routine uses which may be made of the information, as published pursuant to paragraph (4)(D) of this subsection; and

        (D) the effects on him, if any, of not providing all or any part of the requested information;

55. Plaintiff was not properly informed via a Privacy Act Statement nor did she consent or provide written acknowledgement that such information could be collected, stored, used, and disseminated. This is a violation of 5 U.S.C. § 552a(e)(3).

56. Thus, Plaintiff may bring suit pursuant to 5 U.S.C. § 552a(g)(1)(D).

57. Plaintiff was adversely affected as the information collected subsequent to the Defendant's failure to provide the Privacy Notice was used against her husband and continues to be used against him. This has had an adverse effect on her in the form of, financial impact to her family (as the information about her First Amendment protected activities was used as a basis to revoke her husband's security clearance, a condition of his employment) as well as harm to her reputation.

58. The Defendant acted in a manner which was intentional and willful as Defendant knew of the requirements for the Privacy Act, yet acted with flagrant disregard of it. Defendant collected information about Plaintiff's First Amendment protected activities without her consent. Defendant acted without grounds for believing it to be lawful in a manner that was so patently egregious that anyone undertaking the conduct should have known it unlawful.

59. WHEREFORE, the Plaintiff requests that this Court award her the following relief: (1) declare the Defendant violated the Privacy Act; (2) order Defendant to immediately

disclose the requested records; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. § 552a(g)(4)(B); (4) award Plaintiff actual damages and costs under 5 U.S.C. § 552a(g)(4)(A); and (5) grant such other relief as the Court may deem just and proper.

## COUNT IV
### Violation of the Privacy Act, 5 U.S.C. § 552a(e)(7) (Collecting First Amendment Information Without Proper Authority)

60. Plaintiff realleges paragraphs 1 through 31 as if fully stated herein.

61. The Privacy Act specifically states that the Agency "shall…maintain no record describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity."

62. Plaintiff did not expressly authorize the collection of information related to her First Amendment rights.

63. No security clearance rule, regulation, statute, or policy allows for the collection of First Amendment information, especially as it pertains to the spouse of a security clearance applicant.

64. Plaintiff is being irreparably harmed by reason of Defendant's unlawful collection, use, storage, and dissemination of such information without proper authority. Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of law.

65. This is a violation of 5 U.S.C. § 552a(e)(7) as the information collected qualifies as records describing how Plaintiff was exercising her First Amendment rights, which is expressly prohibited without her consent – which Defendant did not obtain – or authorized by statute, which does not exist.

66. Thus, Plaintiff may bring suit pursuant to 5 U.S.C. § 552a(g)(1)(D).

67. Plaintiff was adversely affected as the information collected subsequent to the Defendant's failure to provide the Privacy Notice was used against her husband and continues to be used against him. This has had an adverse effect on her in the form of, financial impact to her family (as the information about her First Amendment protected activities was used as a basis to revoke her husband's security clearance, a condition of his employment) as well as harm to her reputation.

68. The Defendant acted in a manner which was intentional and willful as Defendant knew that the Privacy Act prohibited the collection of First Amendment protected information here, yet acted with flagrant disregard of it. Defendant collected information about Plaintiff's exercise of her First Amendment rights without authority. Defendant acted without grounds for believing it to be lawful in a manner that was so patently egregious that anyone undertaking the conduct should have known it unlawful.

69. WHEREFORE, the Plaintiff requests that this Court award her the following relief: (1) declare the Defendant violated the Privacy Act; (2) order Defendant to immediately disclose the requested records; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. § 552a(g)(4)(B); (4) award Plaintiff actual damages and costs under 5 U.S.C. § 552a(g)(4)(A); and (5) grant such other relief as the Court may deem just and proper.

## COUNT V
**Improper Sharing of Information Under the Routine Use Provision of 5 U.S.C. § 552a(b)(3) and 5 U.S.C. § 552a(b)(7)**

70. Plaintiff realleges paragraphs 1 through 31 as if fully stated herein.

71. The Privacy Act specifically identifies conditions for disclosure of collection information, "No agency shall disclose any record which is contained in a system of records

14

by any means of communication to any person, or another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be:

> ...(3) for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section;

> ...(7) to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought;

72. Since the Plaintiff did not request or consent to records pertaining to her First Amendment protected activities being stored in a system accessible by an agency conducting a security clearance investigation, this is a violation of 5 U.S.C. § 552a(b) as the information was collected and stored in violation and contrary to the Routine Use notice – or lack thereof - and was not for a legally authorized civil or criminal law enforcement activity.

73. Thus, Plaintiff may bring suit pursuant to 5 U.S.C. § 552a(g)(1)(D).

74. Plaintiff was adversely affected as the information collected subsequent to the Defendant's failure to provide the Privacy Notice was used against her husband and continues to be used against him. This has had an adverse effect on her in the form of, financial impact to her family (as the information about her First Amendment protected activities was used as a basis to revoke her husband's security clearance, a condition of his employment) as well as harm to her reputation.

75. The Defendant acted in a manner which was intentional and willful as Defendant knew that the Privacy Act prohibited the sharing of here, yet acted with flagrant disregard of it. Defendant collected information about Plaintiff's exercise of her First

15

Amendment rights without authority. Defendant acted without grounds for believing it to be lawful in a manner that was so patently egregious that anyone undertaking the conduct should have known it unlawful.

76. WHEREFORE, the Plaintiff requests that this Court award her the following relief: (1) declare the Defendant violated the Privacy Act; (2) order Defendant to immediately disclose the requested records; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. § 552a(g)(4)(B); (4) award Plaintiff actual damages and costs under 5 U.S.C. § 552a(g)(4)(A); and (5) grant such other relief as the Court may deem just and proper.

### **PRAYER FOR RELIEF AS TO COUNTS I-V**

Plaintiff respectfully requests that the Court:

77. Declare the Defendant's failure to comply with FOIA and the Privacy Act to be unlawful;

78. Order the Defendant to conduct an independent and comprehensive search of its documents and records in response to Plaintiff's FOIA and Privacy Act Request;

79. Order the Defendant to produce all responsive records without further delay or charge;

80. Enjoin the Defendant from continuing to withhold records responsive to Plaintiff's FOIA and Privacy Act Request;

81. Award Plaintiff attorneys fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E), 5 U.S.C. §552a(g)(3)(B), 5 U.S.C. §552a(g)(4)(B);

82. Award Plaintiff actual damages pursuant to 5 U.S.C. §552a(g)(4)(A); and

83. Grant such other relief as the Court deems just and proper.

Dated: July 9, 2025                                     Respectfully submitted,

By: *Brett O'Brien*
BRETT O'BRIEN, ESQ
DC Bar License #: 1753983
NATIONAL SECURITY LAW
FIRM, LLC
1250 Connecticut Avenue NW
Washington, DC 20036
Phone: (202) 600-4996
Fax:    (202) 545-6318